# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ALEX SANTANA, | CASE NO. 11-CV-138 JLS (CAB) |
|---|---|
| Plaintiff, | **ORDER: DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |
| vs. | |
| CORRECTIONS CORPORATION OF AMERICA, et al., | (Doc. No. 5) |
| Defendants. | |

Presently before the Court is Plaintiff Alex Santana's motion to remand to state court and for award of costs and fees. (Doc. No. 5.) Also before the Court is Defendant Corrections Corporation of America's (CCA) opposition. (Doc. No. 9.) Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's motion to remand.

## BACKGROUND

Plaintiff filed this action for negligence and negligent supervision in the Superior Court of California for the County of San Diego on October 26, 2010. (Doc. No. 1, at Ex. A (Compl.).) On January 21, 2011, Defendant removed the case to this Court. (Doc. No. 1 (Notice of Removal).) Defendant alleges that this action is removable under 28 U.S.C. §§ 1332 and 1441(b) because "the matter in controversy exceeds $75,000 and Corrections Corporation of America is not a California resident." (*Id.* ¶ 3.)

//

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

In order to establish removal jurisdiction over a diversity action, the removing defendants must establish compliance with 28 U.S.C. § 1332(a), which provides for diversity jurisdiction where (a) the amount in controversy exceeds $75,000.00, and (b) the suit is between citizens of different states. The diversity requirement is satisfied if the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Courts look to "the time of the filing of a complaint" to determine whether complete diversity exists. *In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)).

## DISCUSSION

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any state by which it has been incorporated *and of the state where it has its principal place of business*." 28 U.S.C. § 1332(c)(1) (emphasis added). In *Hertz Corp. v. Friend*,— U.S. —, 130 S. Ct. 1181, 1186 (2010), the Supreme Court clarified that the term "principal place of business" means, for purposes of federal jurisdiction, the locale where a corporation's high level officers direct, control, and coordinate the corporation's activities," often called the "nerve center."

Plaintiff premises his motion to remand on the now-outmoded "total activities" test of a corporation's principal place of business. (*See* Doc. No. 5-1 (Mem. ISO Mot. to Remand), at 3 (listing "facts [that] reveal Defendant's prominent presence in California"); *Hertz*, 130 S. Ct. at 1191–92 (rejecting "total activities" test).) Under *Hertz*, however, Defendant's principal place of business is Tennessee, "where CCA's high level officers direct, control, and coordinate CCA's nation-wide

1  activities, including the company's core administrative and executive functions." (Doc. No. 9, at Ex.
2  1 (Carter Aff. ISO Opp'n) ¶ 12.)  Thus, Defendant is a citizen of Maryland, where it is incorporated
3  (*see id.* ¶ 9), and Tennessee.  *See* 28 U.S.C. § 1332(c)(1).

4  Because Plaintiff is a citizen of California (Mem. ISO Mot. to Remand 3), the complete
5  diversity requirement is satisfied.  Accordingly, the Court has removal jurisdiction over this diversity
6  action pursuant to 28 U.S.C. §§ 1332 and 1441(b).[1]

## CONCLUSION

8  For the reasons stated, Plaintiff's motion to remand to state court and for award of costs and
9  fees is **DENIED**.

10  **IT IS SO ORDERED.**

12  DATED: May 12, 2011

13  Honorable Janis L. Sammartino
14  United States District Judge

---

28  [1] Because the Court finds that Defendant's removal was proper, Plaintiff's request for award of costs and fees pursuant to 28 U.S.C. § 1447(c) is **DENIED AS MOOT**.